# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0940V

JEANNIE LOWERY,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: June 6, 2024

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On February 17, 2021, Jeannie Lowery filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she developed a right shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on September 11, 2020. Petition at 1. Petitioner further alleges that she suffered the residual effect of her injuries for more than six months. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 26, 2023, Respondent filed his Rule 4(c) Report contesting entitlement. ECF No. 26. On April 23, 2024, I issued a Finding of Fact ruling that Petitioner received the flu vaccine at issue in this case in her right shoulder. ECF No. 33.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 5, 2024, Respondent filed an Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that "[w]hile preserving his right to appeal the Chief Special Master's April 23, 2024 finding that petitioner received the flu vaccine in her right arm, respondent accepts this ruling as the law of the case for purposes of further proceedings before the Chief Special Master." *Id.* at 5. Respondent further agrees that Petitioner suffered SIRVA as defined by the Vaccine Injury Table. *Id.* at 6. "Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered;[2] and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, petitioner suffered the residual effects of her condition for more than six months." *Id.* Thus, Respondent states that he does not dispute that Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master